UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RON GIVENS, an individual; CHRISTINE BISH, an individual, | No.  2:20-cv-00852-JAM-CKD |
| Plaintiffs, | **ORDER DENYING DEFENDANTS' MOTION TO DISMISS AND GRANTING IN PART AND DENYING IN PART PLAINTIFFS' MOTION TO AMEND** |
| v. | |
| GAVIN NEWSOM, in his capacity as Governor of California; et al., | |
| Defendants. | |

Ron Givens and Christine Bish ("Plaintiffs") bring this action challenging California's response to the Coronavirus Disease 2019 ("COVID-19") on First Amendment grounds.  See Compl., ECF No. 1.  Before the Court are two motions.[1]  First, Gavin Newsom, Rob Bonta, Amanda Ray, and Tomás Aragón ("Defendants") filed a motion to dismiss.[2]  See Defs.' Mot., ECF

---

[1] These motions were determined to be suitable for decision without oral argument.  E.D. Cal. L.R. 230(g).  The hearings were scheduled for August 24, 2021.

[2] Rob Bonta succeeded former Attorney General Xavier Becerra; Amanda Ray succeeded former California Highway Patrol Commissioner, Warren Stanley; and Tomás Aragón succeeded former California Public Health Officer, Erica Pan.  These individuals are automatically substituted pursuant to Fed. R. Civ. P. 25(d).

1

1   No. 77.  Plaintiffs opposed this motion.  See Pls.' Opp'n., ECF

2   No. 81.  Defendants replied.  See Defs.' Reply, ECF No. 83.

3   Second, Plaintiffs filed a motion to amend.  See Pls.' Mot., ECF

4   No.79.  Defendants opposed Plaintiffs' motion.  See Defs.' Opp'n,

5   ECF No. 80.  Plaintiffs replied.  See Pls.' Reply, ECF No. 82.

6        After consideration of the parties' briefing on the motions

7   and relevant legal authority, the Court DENIES Defendants' motion

8   to dismiss and GRANTS in part and DENIES in part Plaintiffs'

9   motion to amend.

10

11                        I.   BACKGROUND

12       The parties are familiar with the factual background of this

13  case—it is set forth in the complaint, the parties' briefings,

14  and the Court's prior order.  See Order Denying TRO at 2-4, ECF

15  No. 18.  The Court therefore does not restate the background

16  here.

17       Defendants previously moved to dismiss the complaint in June

18  2020, arguing inter alia that Plaintiffs' claims were rendered

19  moot by changes to the State's public health directives.  See

20  Defs.' Prior Mot. at 5-7, ECF No. 33.  The Court denied the

21  motion, finding Defendants had not met their burden to show the

22  ban on events at the Capitol was not reasonably likely to recur.

23  See Transcript from July 14, 2020 Hearing at 15-18, ECF No. 45.

24       According to Defendants, "the landscape surrounding the

25  COVID-19 pandemic in California . . . has shifted sharply" in the

26  year since this Court denied their prior motion.  Defs.' Mot. at

27  1.  Thus, they now renew their motion to dismiss on mootness

28  grounds.  See generally Defs. Mot.

1              II.  OPINION

2      A.   Judicial Notice

3          Defendants request the Court take judicial notice of nine

4      exhibits: (1) the Governor's Executive Order N-07-21; (2) the

5      Governor's Executive Order N-08-21; (3) the "California Vaccine

6      Progress Data" from July 7, 2021; (4) the California Highway

7      Patrol's ("CHP") website "State Capitol Events-Home" page;

8      (5) the Governor's March 4, 20220 Proclamation of a State

9      Emergency; (6) the Governor's Executive Order N-33-20; (7) the

10     California Department of Public Health's ("CDPH") website

11     "Counties Statewide Can Reopen Places of Worship for Religious

12     Services and Retail Stores" page; (8) the CDPH's website

13     "California Public Health Officials Provide COVID-19 Update"

14     page; and (9) the "Tracking COVID-19 in California" webpage from

15     July 7, 2021.  See Defs.' Req. for Jud. Notice ("RFJN"), ECF No.

16     77.

17         All of the above exhibits are matters of public record and

18     therefore proper subjects of judicial notice.  See Lee v. City

19     of Los Angeles, 250 F.3d 668, 689 (9th Cir. 2001).  Accordingly,

20     the Court GRANTS Defendants' request for judicial notice.

21     However, the Court takes judicial notice only of the existence

22     of these documents and declines to take judicial notice of their

23     substance, including any disputed or irrelevant facts within

24     them.  Lee, 250 F.3d at 690.

25     B.   Defendants' 12(b)(1) Motion

26         In their motion, Defendants argue the Court lacks subject

27     matter jurisdiction because Plaintiffs' claims are moot.  See

28     Defs.' Mot. at 5-11.

3

1    A defendant may move to dismiss for lack of subject matter

2 jurisdiction pursuant to Rule 12(b)(1) of the Federal Rules of

3 Civil Procedure.  See Fed. R. Civ. P. 12(b)(1).  Once a party

4 has moved to dismiss for lack of subject-matter jurisdiction

5 under Rule 12(b)(1), the opposing party bears the burden of

6 establishing the court's jurisdiction.  See Kokkonen v. Guardian

7 Life Ins. Co., 511 U.S. 375, 377 (1994).

8    "A case becomes moot—and therefore no longer a 'Case' or

9 'Controversy' for purposes of Article III—when the issues

10 presented are no longer 'live' or the parties lack a legally

11 cognizable interest in the outcome."  Rosebrock v. Mathis, 745

12 F.3d 963, 971 (9th Cir. 2014) (internal citations omitted).

13 However, voluntary cessation of challenged conduct does not

14 necessarily render a case moot.  Id.  This is because "dismissal

15 for mootness would permit a resumption of the challenged conduct

16 as soon as the case is dismissed."  Id.  Courts presume that a

17 government entity is acting in good faith when it changes its

18 policy.  Id.  But courts "are less inclined to find mootness

19 where the new policy could be easily abandoned or altered in the

20 future."  Id. at 972 (internal citation omitted).  Finally, the

21 party asserting mootness bears a "heavy burden" to show that

22 "the challenged conduct cannot reasonably be expected to

23 reoccur."  Id.

24    Defendants argue Plaintiffs' claims for injunctive and

25 declaratory relief are moot because the State's current public

26 health directives do not prohibit outdoor protests or limit the

27 number of participants at protests.  Defs.' Mot. at 5-6.

28 Defendants further contend the voluntary cessation exception to

4

1   mootness does not apply because a ban on protest permits is not

2   reasonably likely to occur.  Id. at 6-11.  In support of this

3   contention, they emphasize that Executive Order N-33-20 has now

4   been rescinded.  Id. at 10.  Plaintiffs counter that

5   notwithstanding the rescission of Executive Order N-33-20, they

6   remain under the threat of reinstatement of the prior

7   restrictions and therefore their claims are not moot under the

8   voluntary cessation doctrine.  Pls.' Opp'n at 3-7.  As explained

9   below, the Court agrees with Plaintiffs.

10       While Defendants have rescinded the challenged orders, "it

11   remains the case that the only certainty about the future course

12   of this pandemic is uncertainty."  Jones v. Cuomo, 20 Civ. 4898

13   (KPF), 2021 WL 2269551, at *5 (S.D. N.Y. June 2, 2021) (internal

14   quotation marks and citation omitted).  As this Court has stated

15   before: "While vaccinations are a promising development, the

16   pandemic is not over.  New variants and vaccine hesitancy make it

17   plausible that Defendants may determine it necessary to reimpose

18   restrictions."  Abshire v. Newsom, No 2:21-cv-00198-JAM-KJN, 2021

19   WL 3418678, at *4 (E.D. Cal. Aug. 5, 2021); see also BK Salons,

20   LLC v. Newsom, No. 2:21-cv-00370-JAM-JDP, 2021 WL 3418724, at *3

21   (E.D. Cal. Aug. 5, 2021) (noting "Defendants' response to this

22   unprecedented pandemic has necessarily been ever-evolving [b]ut

23   its ever-evolving nature gives the Court pause… it is therefore

24   conceivable that Defendants may need to reimpose restrictions.")

25   Similarly here, Defendants have not met their burden to show "the

26   challenged conduct cannot reasonably be expected to reoccur."

27   Rosebrock, 745 F.3d at 972.

28   ///

1        Defendants' citations to non-binding, out-of-circuit

2   authority do not persuade the Court otherwise.  Defs.' Mot. at

3   10 (citing to Ramsek v. Beshear, 989 F.3d 494, 499-500 (6th Cir.

4   2021); Herndon v. Little, No. 1:20-cv-00205-DCN, 2021 WL 66657,

5   at *5 (D. Idaho Jan. 7, 2021); and Fontana v. Cantrell, et al.,

6   No. CV 21-326, 2021 WL 2514682, at *2 (E.D. La. June 17, 2021)).

7   Indeed, the only binding authority specifically concerning

8   challenges to COVID-19 orders that Defendants bring forward –

9   Tandon v. Newsom, 141 S.Ct. 1294, 1297 (2021) – cuts against a

10  finding of mootness.  See Defs.' Mot. at 7.  In Tandon, the

11  Supreme Court counseled that "even if the government withdraws

12  or modifies a COVID restriction in the course of litigation,

13  that does not necessarily moot the case" where plaintiffs

14  "remain under constant threat that government officials will use

15  their power to reinstate the challenged restrictions."  141

16  S.Ct. at 1297 (internal quotation marks and citations omitted).

17  So too here.  Plaintiffs remain under threat that Defendants

18  will reinstate the challenged restrictions as the COVID-19

19  pandemic persists.

20       Defendants raise a final argument that this case is moot

21  under Los Angeles v. Davis, 440 U.S. 625 (1979).  Defs.' Mot. at

22  8.  However, the Court agrees with Plaintiffs that this case is

23  readily distinguishable.  Pls.' Opp'n at 5-6.  Plaintiffs in

24  Davis challenged a Los Angeles County Fire Department hiring

25  procedure used to fill a temporary emergency shortage of

26  firefighters.  440 U.S. at 627.  The Supreme Court concluded the

27  challenge to this procedure had become moot during the pendency

28  of the litigation.  Id.  Specifically, the Court explained the

1    conditions which gave rise to the procedure "were unique, are no

2    longer present and unlikely to recur" because the Department had

3    successfully instituted a new hiring procedure.  Id. at 632.  As

4    Plaintiffs argue, the facts in that case "an interim hiring

5    freeze – caused by a lawsuit against the county's previous

6    hiring scheme" are a far cry from the facts here.  Pls.' Opp'n

7    at 6.  A temporary hiring shortage is simply not analogous to

8    the "unpredictable" pandemic conditions here "where COVID-19-

9    and its variants – continue to develop and new COVID cases and

10   deaths persist."  Id.

11       For all of these reasons, the Court finds the voluntary

12   cessation exception applies and Plaintiffs' claims are not moot.[3]

13   Accordingly, Defendants' motion to dismiss is DENIED without

14   prejudice to refile if any guidance from the Ninth Circuit

15   becomes available.  In the event of such intervening Ninth

16   Circuit authority, the parties are directed to file a notice of

17   supplemental authority.

18       C.   Plaintiffs' Motion to Amend

19       Plaintiffs move to file a first amended complaint.  See

20   Pls.' Mot. at 3-5.  Specifically, Plaintiffs seek to: (1) add a

21   request for compensatory and nominal damages, (2) remove the

22   state court claims that the Court dismissed on July 14, 2020,

23   and (3) update three of the State Defendants pursuant to Federal

24   Rule of Civil Procedure 25(d).  Id. at 3.

25   ///

26

27   [3] As the Court finds the voluntary cessation exception applies,
     it does not reach Defendants' additional argument regarding
28   declaratory relief.  See Defs.' Mot. at 11-12.

1    After the Court has filed a pretrial scheduling order, a

2  party's motion to amend must satisfy Rule 16(b)'s "good cause"

3  requirement.  See Johnson v. Mammoth Recreations, Inc., 975 F.2d

4  604, 607-08 (9th Cir. 1992); see also Coleman v. Quaker Oats

5  Co., 232 F.3d 1271, 1294-95 (9th Cir. 2000) (explaining that

6  where the Court has entered a scheduling order, a request to

7  amend the pleadings is no longer governed by Rule 15; rather,

8  Rule 16 controls.)  This requirement primarily looks to "the

9  diligence of the party seeking the amendment."  Johnson, 975

10  F.2d at 609.  "[T]he existence or degree of prejudice to the

11  party opposing the modification might supply additional reasons

12  to deny a motion."  Id.  But, unlike the Rule 15 analysis, "the

13  focus of the [Rule 16] inquiry is upon the moving party's

14  reasons for seeking modification."  Id.  If the "[moving] party

15  was not diligent, the inquiry should end."  Id.

16    Here, the Court filed its pretrial scheduling order in

17  August 2020, see Scheduling Order, ECF No. 52, long before

18  Plaintiffs filed their motion to amend in July 2021, see Pls.'

19  Mot.  That order clearly states: "no further . . . amendments to

20  the pleadings is permitted except with leave of court, good

21  cause having been shown."  Scheduling Order at 1.  Both sides

22  overlook the Rule 16(b) question, and only analyze the Rule

23  15(a) factors.  However, given the Rule 15(a) factors require

24  consideration of undue delay and prejudice, the parties'

25  arguments lend themselves sufficiently well to a Rule 16(b)

26  analysis.

27    First, the Court GRANTS Plaintiffs' motion with respect to

28  removing the dismissed state court claims and to updating three

1   of the State Defendants under Rule 25(d).   Defendants do not

2   oppose either of these requests; rather, they oppose only the

3   addition of damages claims.   See generally Defs.' Opp'n.

4        With respect to the addition of damages claims, Plaintiffs

5   contend they "were not dilatory in that Executive Order N-33-20

6   was finally revoked on June 11, 2021."   Pls.' Mot. at 4.   They

7   further explain "the initial decision to forego including a

8   claim for damages was due to the urgent need for injunctive

9   relief."   Id.   "Now that the emergency has subsided, Plaintiffs

10  wish to pursue damages."   Id. at 5.   Defendants counter that

11  "even if Plaintiffs had good reason to focus exclusively on

12  injunctive relief at the outset, this does not explain why

13  Plaintiffs then delayed more than a year in bringing a motion to

14  add a claim for damages."   Defs.' Opp'n at 7.   The Court agrees.

15       Plaintiffs do not contend that their motion to add a money

16  damages claim stems from any newly discovered facts.   Id.

17  Indeed, as Defendants point out, the damages claims are based on

18  the same causes of action in the original complaint.   Defs.'

19  Opp'n at 4-5.   Plaintiffs complain that "Defendants repeatedly

20  cite the amount of time between Plaintiffs' initial complaint and

21  motion to amend in attempting to have the motion denied."   Pls.'

22  Reply at 5.   But that is precisely what Rule 16 requires the

23  Court to focus on: diligence of the party seeking amendment.

24  Plaintiffs' year delay in seeking to add these damages claims is

25  not diligent. See Legaspi v. JHPDE Finance I, LLC, Case No. 2:20-

26  cv-02945-ODW (SKx), 2021 WL 1979033, at *2 (C.D. Cal. May 18,

27  2021) ("the [Rule 16] good cause standard typically will not be

28  met where the party seeking [modification] has been aware of the

1 | facts and theories supporting amendment since the inception of
2 | the action.")

3 |     Plaintiffs have not been diligent in seeking to add their
4 | damages claims.  As a result, they fail to show "good cause"
5 | under Rule 16(b).  Under Johnson, the inquiry properly ends
6 | there.  See 975 F.2d at 609 (instructing if the "[moving] party
7 | was not diligent, the inquiry should end.")  Accordingly, the
8 | Court need not address whether the amendment to the complaint is
9 | proper under Rule 15 and in particular the parties' arguments
10 | about whether amendment would be futile.  See Defs.' Opp'n at 5-
11 | 6; Pls.' Reply at 3.

12 |     Plaintiffs' request to add compensatory and nominal damages
13 | is DENIED.

14 |

15 |                    III. ORDER

16 |     For the reasons set forth above, the Court DENIES
17 | Defendants' Motion to Dismiss and GRANTS in part and DENIES in
18 | part Plaintiffs' motion to amend.  Plaintiffs shall file their
19 | first amended complaint on the docket within twenty days of this
20 | order.  Defendants' responsive pleadings are due twenty days
21 | thereafter.

22 |     IT IS SO ORDERED.
23 | Dated: October 4, 2021

25 | JOHN A. MENDEZ,
   UNITED STATES DISTRICT JUDGE