UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RON GIVENS, et al., | No. 2:20-cv-00852-JAM-CKD |
| Plaintiffs, | |
| v. | **ORDER DISMISSING ACTION FOR LACK OF SUBJECT MATTER JURISDICTION** |
| GAVIN NEWSOM, et al. | |
| Defendants. | |

This matter is before the Court on Plaintiffs' motion for summary judgment ("MSJ") and Defendants' cross-motion for summary judgment ("Cross-MSJ"). See MSJ, ECF No. 92; Cross-MSJ, ECF No. 101. Plaintiffs oppose Defendants' cross-motion for summary judgment. See Pl.'s Opp'n, ECF No. 106. Defendants replied. See Reply, ECF No. 111. Plaintiffs filed a surreply with leave of the Court. See Surreply, ECF No. 114. For the reasons set forth below, the Court will dismiss this action in its entirety for lack of subject matter jurisdiction.[1]

---

[1] This motion was determined to be suitable for decision without oral argument. E.D. Cal. L.R. 230(g). The hearing was scheduled for August 9, 2022.

1

I.   BACKGROUND

On March 4, 2020, California Governor Gavin Newsom declared a State of Emergency in response to the COVID-19 pandemic. Pls.' Statement of Undisputed Facts ("PSUF") ¶ 1, ECF No. 92-2. Two weeks later, on March 19, 2020, Governor Newsom issued Executive Order N-33-20 (the "Stay-at-Home Order") directing all California residents to heed the directives of the State Public Health Officer, who directed residents "to stay home or at their place of residence." Id. ¶¶ 2-4. The Stay-at-Home Order carved out an exception for activities "needed to maintain the continuity of operations of federal critical infrastructure services," the specifics of which were left to the discretion of the California Department of Public Health ("CDPH"). Id. ¶ 6. On March 22, 2020, the CDPH promulgated a list of "Essential Critical Infrastructure Workers," which included over 150 occupations from thirteen sectors of the economy to be exempt from the Stay-at-Home Order. Id. ¶¶ 7-8. The rest of California was directed to stay home—and so the shut-down began.

Shortly after the Stay-at-Home Order issued, Plaintiffs sought to hold demonstrations at the State Capitol Grounds. Id. ¶¶ 18-19, 23. They submitted permitting applications to the California Highway Patrol ("CHP") but were denied permission to use the Grounds on April 24, 2020. Id. ¶¶ 21, 24. Plaintiffs subsequently brought suit in this Court seeking an order and judgment declaring the Stay-at-Home Order unconstitutional under both the U.S. Constitution and the California Constitution. See Complaint ("Compl."), ECF No. 1.

Since Plaintiffs commenced this action, the CHP has taken

several approaches to whether and how it permits demonstrations over the course of the pandemic. A month after the Stay-at-Home Order first issued in March 2020, the CHP denied all applications for permits from April 21st to May 24th of that year. PSUF ¶¶ 15, 25. Starting May 25, 2020, the CHP opened Capitol Grounds for demonstrations but imposed an attendance cap of 100 persons on all permit applicants. Id. ¶ 25. The CHP then lifted this attendance cap for a brief three-month window from June to September. Id. ¶¶ 26-27. On September 25, 2020, the CHP again imposed an attendance cap, but increased the number of attendees to up to 250 persons. Id. ¶ 27. The CHP lifted this 250-persons cap on June 16, 2021, five days after Governor Newsom rescinded the Stay-at-Home Order. Id. ¶¶ 28-29. It is undisputed that the Capitol Grounds has been fully open for demonstrations since that time. MSJ at 5; Cross-MSJ at 8.

This Court dismissed Plaintiffs' state law claims in proceedings held before the Court on Defendants' first motion to dismiss at ECF No. 33. See Transcript of Proceedings held on July 14, 2020, ECF No. 45. What remains before the Court on parties' cross-motions for summary judgment are Plaintiffs' claims under the First and Fourteenth Amendments of the U.S. Constitution for alleged violations of Plaintiffs' rights to free speech, free assembly, and petition. See Compl.

II. OPINION

A. Judicial Notice

Defendants request the Court take judicial notice of seventeen exhibits. See Defs.' Req. for Jud. Notice ("RJN"), ECF No. 100.

3

1   Plaintiffs' request the Court take judicial notice of two
2   exhibits.  See Pls.' Req. for Jud. Notice ("PRJN"), ECF No. 107.
3   All of the exhibits are matters of public record and
4   therefore proper subjects for judicial notice.  See Lee v. City
5   of Los Angeles, 250 F.3d 668, 689 (9th Cir. 2001).  Accordingly,
6   the Court GRANTS Defendants' request for judicial notice of
7   Exhibits 1-17.  The Court also GRANTS Plaintiffs' request for
8   judicial notice of Exhibits A-B.  The Court's judicial notice,
9   however, extends only to the existence of these documents and
10  not to their substance, which may contain disputed or irrelevant
11  facts.  Lee, 250, F.3d at 690.

   B.  Analysis

13  Although parties seek summary judgment pursuant to Rule 56
14  of the Federal Rules of Civil Procedure, the State's briefs
15  raised a serious question about the Court's subject matter
16  jurisdiction.  In support of its contention that this action is
17  now moot, the State filed a notice of supplemental authority
18  regarding new Ninth Circuit precedent, Brach v. Newsom, 38 F.4th
19  6 (9th Cir. 2022).  See Defs.' Notice of Suppl. Authority, ECF
20  No. 109.  Plaintiffs then filed a surreply briefing the Court on
21  the applicability of Brach.
22  Because federal subject matter jurisdiction concerns the
23  power of a court to hear a case, this Court has a continuing
24  duty to reaffirm its jurisdictional power whenever the issue
25  arises.  Steel Co. v. Citizens for a Better Env't, 523 U.S. 83,
26  94 (1998).  "Jurisdiction is power to declare the law, and when
27  it ceases to exist, the only function remaining to the court is
28  that of announcing the fact and dismissing the cause."  Ex parte

1  McCardle, 74 U.S. 506, 514 (1869).  The Court thus revisits the
2  issue of mootness.
3       1.   Mootness
4      The threshold and ultimately only question before the Court
5  is whether this case is moot.  "A case becomes moot—and
6  therefore no longer a 'Case' or 'Controversy' for purposes of
7  Article III—when the issues presented are no longer 'live' or
8  the parties lack a legally cognizable interest in the outcome."
9  Rosebrock v. Mathis, 745 F.3d 963, 971 (9th Cir. 2014) (internal
10 citations omitted).  The party asserting mootness bears the
11 "heavy burden" to show that "the challenged conduct cannot
12 reasonably be expected to reoccur."  Id.
13     The State argues that Brach controls this case.  Reply at
14 2.  In Brach, the Ninth Circuit considered a constitutional
15 challenge to California's COVID restrictions on in-person
16 schooling, which, similar to here, had been rescinded just under
17 a year before the court's opinion issued.  Brach, 38 F.4th
18 at 11.  Sitting en banc, the Ninth Circuit rejected plaintiffs'
19 argument that similar restrictions could be reimposed if
20 pandemic conditions worsened.  The Ninth Circuit held that,
21 because the challenged restriction had been rescinded and
22 because plaintiffs sought only declaratory and injunctive
23 relief, which could no longer be granted, the case was no longer
24 a "live controversy necessary for Article III jurisdiction."
25 Brach, 38 F.4th at 9.
26     The same is true of this case.  The parties agree that
27 there has been no state-imposed prohibitions on demonstrations
28 since May 25, 2020 and no COVID-related attendance caps since

June 16, 2021. Reply at 2. The Stay-at-Home Order giving rise to the challenged conduct was rescinded over a year ago. PSUF ¶ 29. Further, like the plaintiffs in Brach, Plaintiffs do not seek damages but only a declaratory judgment that the Stay-at-Home Order is unconstitutional. See Compl. Accordingly, because "there is no longer any state order for the court to declare unconstitutional or to enjoin [, it] could not be clearer that this case is moot." Brach citing Already, LLC. Nike, Inc., 568 U.S. 85, 91 (2013).

Plaintiffs, however, argue their case survives under two exceptions to mootness: the voluntary cessation exception and the capable of repetition yet evading review exception. Surreply at 1. For the reasons given below, neither carry the day.

### 2. Voluntary Cessation Exception

"[A] defendant cannot automatically moot a case simply by ending its unlawful conduct once sued." Already, 568 U.S. at 91. As the Supreme Court instructed, a party "should not be able to evade judicial review, or to defeat a judgment, by temporarily altering questionable behavior." City News & Novelty, Inc. v. City of Waukesha, 531 U.S. 278, 284 n.1 (2001). The party asserting mootness must show that "the challenged behavior cannot reasonably be expected to recur." Already, 568 U.S. at 96. While the Court may "treat the voluntary cessation of challenged conduct by government officials with more solicitude . . . than similar actions by private parties," the Court must still diligently "probe the record to determine whether the government has met its burden, even as [the Court grants] it a presumption

of good faith." Bell v. City of Boise, 709 F.3d 890, 898-99, n.13, (9th Cir. 2013); Rosebrock v. Mathis, 745 F.3d 963, 971-72 (9th Cir. 2014).

The Court has considered the voluntary cessation exception twice before. In June 2020, the Court declined to find mootness under this exception because the challenged Stay-at-Home Order was still in effect. See Transcript of Proceedings Held July 14, 2020, at 15:3-5, ECF No. 45 (noting "even though the Governor has now proclaimed that permits can be issued for outdoor events, [the] original [Stay-at-Home Order] is still on the books." After the Stay-at-Home Order was rescinded, the State again raised the issue of mootness, but the Court declined to dismiss Plaintiffs' suit, finding that the State failed to show "that the challenged conduct cannot possibly reoccur," because "Plaintiffs remain under threat that Defendants will reinstate the challenged restrictions as the COVID-19 pandemic persists." See Order Denying Defs.' Second Mot. to Dismiss at 6, ECF No. 86. At that time, "the only certainty about the future course of this pandemic [was] uncertainty." Jones v. Cuomo, 542 F. Supp. 3d 207, 215-216 (S.D.N.Y. 2021)

The Court no longer holds this view. The intervening year has shown that although the number of COVID-19 cases continue to rise and fall as new variants emerge, the State has not returned to the restrictions it imposed at the start of the pandemic. Advances such as vaccines, whose efficacy has been challenged and tested by time, have changed the State's response. Significantly, California permitted demonstrations on Capitol Grounds "throughout the surge of the Omicron COVID-19 variant,

1    even while the State's case count soared well past numbers
2    reached early in the pandemic," suggesting that California
3    remained committed to this course in spite of COVID-19's
4    continuing challenges.  Brach, 38 F.4th at 14.  As the Brach
5    court noted, "[i]t is thus apparent that, as in other
6    jurisdictions, the 'availability of vaccines and other measures
7    to combat the virus have led to a significant change in the
8    relevant circumstances.'"  Id. (citing Lighthouse Fellowship
9    Church v. Northam, 20 F.4th 157, 162-64 (4th Cir. 2021)).
10        Plaintiffs argue that Brach should be followed in the case
11   at bar, because "the school closure executive order contained
12   both a sunset provision and a clause that would self-repeal on a
13   specific date."  Surreply at 1.  Plaintiffs contend that because
14   the Stay-at-Home Order lacks similar provisions, this case
15   remains a live controversy under the voluntary cessation
16   exception.  Id.
17        The Court disagrees.  While the Ninth Circuit noted that the
18   inclusion of a sunset provision "strengthen[ed] California's
19   hand," the Ninth Circuit did not rely exclusively on the sunset
20   provision in its analysis.  Brach, 38 F.4th at 12-15.  Its chief
21   concern was whether, in light of changed circumstances, the State
22   demonstrated a commitment to its course of action such that the
23   challenged conduct cannot reasonably be expected to recur.
24   Brach, 38 F.4th at 14.
25        As the State points out, "the State's pandemic response
26   framework has moved away from closures and capacity restrictions
27   as tool [sic] to combat the spread of disease."  Cross-MSJ at 30.
28   The State's new "SMARTER plan, an acronym that stands for Shots,

8

1  Masks, Awareness, Readiness, Testing, Education, and Rx," focuses
2  on increasing vaccination rates, monitoring COVID case numbers,
3  and stockpiling masks and treatment medications.  Id.; Pls.'
4  Response to Defs.' Statement of Undisputed Facts ("DSUF") ¶ 24,
5  ECF No. 108.  Significantly, the SMARTER Plan does not
6  contemplate reimposing broad-based bans on gatherings similar to
7  the one challenged here.  Cross-MSJ at 30.
8     Plaintiffs do not dispute this characterization of the
9  State's current COVID plan, but they maintain that the plan is
10 not a "comprehensive representation of California's pandemic
11 strategy in the future, should COVID-19 numbers spike again."
12 DSUF ¶ 24.  As such, Plaintiffs argue, "the Governor's continuing
13 authority [to reimpose restrictions] looms in a way it did not in
14 Brach."  Surreply at 3.  Again, the Court disagrees.  As the
15 Brach court reasoned, "the Governor's continuing authority to
16 close schools . . . is by no means dispositive."  Brach, 38 F.4th
17 at 14.  "[T]he mere power to reenact a challenged policy is not a
18 sufficient basis on which a court can conclude that a reasonable
19 expectation of recurrence exists.  Rather, there must be evidence
20 indicating that the challenged [policy] will likely be
21 reenacted."  Id. (internal citations omitted).  The fact that
22 "the Governor has the power to issue executive orders cannot
23 itself be enough to skirt mootness, because then no suit against
24 the government would ever be moot."  Bos. Bit Labs, Inc. v.
25 Baker, 11 F.4th 3, 10 (1st Cir. 2021)."
26    Given that the public health landscape has fundamentally
27 changed since the beginning of the pandemic and given the
28 uncontroverted facts about the State's current COVID response,

1  the Court finds that the State has carried its burden of
2  establishing there is no reasonable expectation that the
3  challenged conduct will recur.  Much like California's approach
4  to school reopening, the CHP's approach to demonstration
5  permitting has been "steady and consistent."  <u>Brach</u>, 38 F.4th
6  at 15.  Since May 25, 2020, the CHP has gradually lifted its
7  restrictions and kept the Grounds open for demonstrations even
8  during the Omicron surge.  In the absence of countervailing
9  facts, the Governor's authority to reimpose restrictions amounts
10 to "a mere physical or theoretical possibility," which cannot
11 support the Court's jurisdiction.  <u>Murphy v. Hunt</u>, 455 U.S. 478,
12 482 (1982).  Accordingly, the Court concludes the voluntary
13 cessation exception does not apply.

14             3.    <u>Capable of Repetition yet Evading Review</u>
15      The Court also finds the capable of repetition yet evading
16 review exception does not apply.  This exception applies only in
17 extraordinary cases where "(1) the duration of the challenged
18 action is too short to allow full litigation before it ceases,
19 and (2) there is a reasonable expectation that the plaintiffs
20 will be subjected to it again."  <u>Alaska Ctr. For Evn't v. U.S.</u>
21 <u>Forest Serv.</u>, 189 F.3d 851, 854-55 (9th Cir. 1999).

22      As Plaintiffs observe, the <u>Brach</u> Court instructs that "the
23 two exceptions—voluntary cessation and capability of repetition—
24 are 'analogous' to one another."  Surreply at 3, quoting <u>Brach</u>,
25 38 F.4th at 15.  The <u>Brach</u> court's "rationale for rejecting [the
26 capable of repetition exception] mirrors much of [its] analysis
27 regarding the voluntary cessation exception."  <u>Id.</u>
28      The same is true here.  Because the challenged Stay-at-Home

Order has long been rescinded, and because the State's SMARTER plan demonstrates no intention of returning to the broad ban on outdoor gatherings that characterized California's initial pandemic response, there is no reasonable expectation that Plaintiffs will be subjected to the challenged conduct again. The "reasonable expectation" prong of the Court's analysis has not been met. Alaska Ctr. For Evn't, 189 F.3d at 854-55. As such, the Court finds the capable of repetition yet evading review exception does not apply. This case is moot.

### III.  ORDER

For the reasons set forth above, the Court DISMISSES Plaintiffs' Complaint in its entirety for lack of subject matter jurisdiction. The Court further DENIES Plaintiff's motion for summary judgment and Defendants' cross-motion for summary judgment as MOOT. The Clerk of the Court is directed to CLOSE this case.

IT IS SO ORDERED.

Dated: September 19, 2022

JOHN A. MENDEZ
SENIOR UNITED STATES DISTRICT JUDGE